IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM DEWAYNE WHITE, #2001012 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv548 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. The Magistrate Judge recommended the petition for writ of habeas corpus be dismissed with prejudice. Petitioner filed objections.

Petitioner objects that the Magistrate Judge found that the first claim presented in his petition was procedurally defaulted. In that claim, Petitioner argues that the trial court erred in dismissing a juror, and empaneling an alternate juror, because the alternate juror was allowed to leave court during the trial, and was not present during closing arguments. The appellate court found that Petitioner failed to timely make a proper objection. *White v. State,* 480 S.W.3d 824, 825-26 (Tex. App. - Texarkana, Nov. 23, 2015). Where a state court has explicitly relied on a procedural bar, a petitioner may not obtain federal habeas corpus relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Because Petitioner has not made this showing, this objection merits no relief.

Petitioner next contends that his trial counsel was ineffective for failing to object to the empaneling of the alternate juror. However, Petitioner did not raise this claim in the instant petition. He also failed to present this claim to the Texas Court of Criminal Appeals, either in his application for state habeas corpus relief or in his petition for discretionary review. (Dkt. ## 9-26, 9-34). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. §§ 2254(b)(c). To exhaust properly, Petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Thus, Petitioner failed to exhaust this claim. Moreover, as the Magistrate noted, the trial court's action did not violate state law, because the alternate juror was never discharged. Thus, any objection by trial counsel would have been futile, and counsel is not required to raise futile objections. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

In his third objection, Petitioner re-urges his argument that the prosecutor did not provide a video tape to counsel, although counsel had made a discovery request for video tapes. Petitioner has not shown that the prosecutor failed to disclose the video tape. Even were he able to make this showing, he has not shown that the alleged prosecutorial misconduct was "of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller,* 483 U.S. 756, 765 (1987) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). As the Magistrate Judge noted in the Report and Recommendation, Petitioner and his counsel were given adequate time to view the video tape on multiple occasions.

In his final objection, Petitioner again re-urges his third claim he presented in his petition. Petitioner argues that Texas Health and Safety Code section 481.134(d) requires a culpable mental state, and that the State was required to prove that he knew he was in a drug-free safety zone. First, Petitioner has not demonstrated how this claim violates his federal constitutional rights, which a person seeking federal habeas corpus review must assert to seek relief. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Additionally, the Texas Court of Criminal Appeals held that, under Texas law, the state need not prove an accused was aware that he was in a drug-free zone. *White v. State,* 509 S.W.3d 307, 314-15 (Tex. Crim. App. 2017).

In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's Report is incorrect. After reviewing the Report and Recommendations and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 12th day of August, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE